**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **WAEL MUHAMMAD BAZZI**<br>    Eglantierlaan 15,<br>    Antwerpen 2020,<br>    Belgium<br><br>                    *Plaintiff,*<br><br>v.<br><br>**ANDREA M. GACKI**<br>in her official capacity as<br>    **Director of the United States**<br>    **Department of the Treasury**<br>    **Office of Foreign Assets Control**<br>    1500 Pennsylvania Avenue, NW<br>    Freedman's Bank Building<br>    Washington, D.C. 20220<br><br>                    *Defendant,*<br><br>and<br><br>**THE UNITED STATES DEPARTMENT**<br>**OF THE TREASURY, OFFICE OF FOREIGN**<br>**ASSETS CONTROL**<br>    1500 Pennsylvania Avenue, NW<br>    Freedman's Bank Building<br>    Washington, D.C. 20220<br><br>                    *Defendant.* | CIV. NO. 19-1940<br><br>COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF<br><br><br><br><br><br><br><br><br><br>ECF |

Plaintiff Wael Muhammad Bazzi (hereinafter referred to as "Bazzi") brings this Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Andrea M. Gacki, and in support of his complaint alleges the following:

## NATURE OF THE CASE

1. On May 17, 2018, Defendants designated Bazzi's father, Mohammad Ibrahim Bazzi, under Executive Order ("E.O.") 13224 for assisting in, sponsoring, or providing financial, material, or technological support for, or financial or other services to or in support of Hizballah, an entity blocked under E.O. 13224. Simultaneously, Defendants designated several companies for being owned or controlled by Mohammad Bazzi, including Global Trade Group NV ("GTG"). Bazzi worked at GTG prior to his father and the company's designations.

2. Following the company's designation, its general manager resigned, and Bazzi took ownership and control of GTG in order to save what he could of the once thriving enterprise. In order to do so, he took steps to separate his father from any involvement with the company. He further took steps to personally separate himself from his father to ensure that his father could not be thought or deemed to retain ownership or control of GTG. Bazzi's goal was to ensure that the basis of the company's designation was negated so that he himself could operate GTG and capitalize on its good will for his own benefit—not for his father.

3. After doing so, Bazzi sought administrative reconsideration of GTG's designation before OFAC. This included the provision of evidence and arguments to the agency to make it aware of the change in ownership and control of GTG, that Mohammad Bazzi was no longer involved with the entity, and that the basis of GTG's designation had been extinguished.

4. Several months later, OFAC met with Mohammad Bazzi's counsel—including undersigned counsel—who provided information regarding Mohammad Bazzi's separation from GTG. During that meeting, Mohammad Bazzi's counsel requested a terms of removal agreement in which he would agree to satisfy any conditions that OFAC deemed necessary to his delisting. The representations made by Mohammad Bazzi's counsel during that meeting were

subsequently reduced to writing and provided to OFAC, along with a formalized request for a terms of removal agreement.  OFAC rejected that request and invited Mohammad Bazzi to apply for reconsideration pursuant to its administrative reconsideration process.  At no time during that meeting or thereafter did OFAC state that it believed Mohammad Bazzi to still be operating any businesses, nor that it thought Bazzi was assisting him in doing so.

5. On February 26, 2019, Mohammad Bazzi filed a civil lawsuit against OFAC alleging violations of the Administrative Procedure Act arising from his designation.  *Bazzi v. Gacki*, No. 1:19-cv-00484 (D.D.C. Feb. 26, 2019), ECF No. 1.

6. Less than two months later, on April 24, 2019, Defendants designated Bazzi as a "Specially Designated Global Terrorist" ("SDGT") pursuant to E.O. 13224 and added his name to OFAC's Specially Designated Nationals and Blocked Persons List ("SDN List").  Bazzi's designation was based on OFAC's determination that he was acting for or on behalf of his father, Mohammad Bazzi.

7. In designating Bazzi, Defendants made speculative allegations that have no rational connection to the criteria of E.O. 13224 under which he was designated, and which do not consider any of the evidence provided to them in GTG's administrative reconsideration process, nor by Mohammad Bazzi's counsel.  Defendants did not provide any evidence or identify any specific instances of conduct demonstrating that Bazzi acted for or on behalf of or at the direction of his father, and instead speculate that it is likely the case.

8. Defendants have also failed to consider or explain why they discounted the information and documentation from multiple sources that countervails the allegations that they made in support of their designation of Bazzi.

3

9.      In light of OFAC's actions, Bazzi appeals to this Court to overturn and hold unlawful his designation, as Defendants' findings, conclusions, and actions in this matter are in violation of the Administrative Procedure Act.

## JURISDICTION AND VENUE

10.     This action arises under the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

11.     This Court may grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. Rule 57. This Court may grant injunctive relief in accordance with Fed. R. Civ. P. Rule 65.

12.     Venue is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1391(b) and (e), as the Defendants reside in this District.

## THE PARTIES

13.     Bazzi is and was at all times relevant herein a citizen of Belgium. Bazzi currently resides at Eglantierlaan 15, Antwerpen 2020, Belgium.

14.     On April 24, 2019, Bazzi was designated as a SDGT under E.O. 13224 and his name was added to the SDN List.

15.     Defendant OFAC is a federal administrative agency of the United States Department of the Treasury, located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington D.C. 20220. The United States Department of the Treasury is responsible for maintaining the financial and economic security of the United States. The United States Department of the Treasury is also responsible for overseeing various agencies, including OFAC.

OFAC is responsible for maintaining and administering the SDN List, including by placing persons on and removing persons from the SDN List consistent with E.O. 13224 and the implementing regulations located at 31 C.F.R. Parts 501 and 594, the "Reporting, Procedures and Penalties Regulations" and the "Global Terrorism Sanctions Regulations," respectively. OFAC was responsible for designating Bazzi under E.O. 13224.

16. Defendant Andrea M. Gacki is the Director of OFAC. Ms. Gacki is sued in her official capacity.

## FACTUAL ALLEGATIONS

**A.     OFAC's Designation of Bazzi Under E.O. 13224**

17. On April 24, 2019, Defendants issued a press release alleging that Bazzi was designated as a SDGT under E.O. 13224 for "acting for or on behalf of Mohammad Bazzi." *See* Defendants' Press Release of April 24, 2019. On the same day, Bazzi was added to the SDN List with the "[SDGT]" identifier.

18. On May 16, 2019, OFAC published a Federal Register Notice that Bazzi was "[d]esignated pursuant to section 1(c) of E.O.13224 for acting for or on behalf BAZZI, Mohammad Ibrahim, an individual whose property and interests in property are blocked pursuant to E.O. 13224." *See* 84 Fed. Reg. 22,223-22,224.

19. Mohammad Bazzi is Bazzi's father. On May 17, 2018, OFAC designated Mohammad Bazzi for allegedly assisting in, sponsoring, or providing financial, material, or technological support for, or financial or other services to or in support of, Hizballah. Mohammad Bazzi is challenging his E.O. 13224 designation in a separate litigation.

20. Along with Bazzi's designation, OFAC also designated three entities alleged to be under his ownership or control—Voltra Transcor Energy BVBA, OFFISCOOP NV, and BSQRD

Limited. OFAC also added Energy Engineers Procurement and Construction ("EEPC") as an alias on the SDN List for GTG, which had already been designated on May 17, 2018, for being owned or controlled by Mohammad Bazzi.

21. The conclusory allegations against Bazzi in the Press Release and the Federal Register Notice do not provide any specific, articulable facts to identify on what grounds OFAC has determined that he is engaged in any ongoing conduct for or on behalf of his father.

22. Specifically, Defendants' Press Release announcing Bazzi's designation is premised on the conclusory allegation that "Mohammad Bazzi has been able to conduct business through Wael Bazzi, upon whom he has continued to rely on to register new businesses and bid on Gambian government contracts." *See* Defendants' Press Release of April 24, 2019. The Press Release does not include any evidence or reasoning to establish how OFAC concluded that Bazzi has acted or purported to act "for or on behalf of" his father or at his direction in those business dealings. Furthermore, since his father's May 17, 2018 designation, Bazzi has not set up any new businesses and has withdrawn from all work in The Gambia.

23. The Press Release further alleges that Bazzi "formed a petroleum company to maintain his father's access to the oil industry." *Id*. OFAC does not provide any information or reasoning as to how these allegations demonstrate that Bazzi has acted or purported to act for, on behalf of, or at the direction of his father by undertaking any such action. Moreover, all of Bazzi's companies were established prior to his father's May 17, 2018 designation.

24. Additionally, the Press Release alleges that Mohammad Bazzi "coordinated" with Bazzi and a GTG employee to change GTG's name after GTG's designation, and that Bazzi was "the purported owner of this new company, likely to obscure Mohammad Bazzi's involvement and circumvent Mohammad Bazzi's designation." *Id*. Without offering any evidence, OFAC

6

dismisses the legitimate transfer of GTG's ownership as "likely" being to circumvent his father's designation. OFAC also does not identify what the nature of the coordination was, nor whether it involved Bazzi acting at the employ, direction, or behest of his father.

25. Further, in November 2018, a formal submission was filed with OFAC seeking administrative reconsideration of GTG's designation which focused on the circumstances surrounding the company's ownership and operational behavior. Through submissions in that administrative reconsideration process and other matters before the agency, OFAC has been provided detailed information and documentation regarding the legal transfer of GTG to Bazzi from his father in August 2018, as well as the company's legal name change to EEPC. In its designation of Bazzi, OFAC has failed to account for that information and provide any reasoning for discounting that countervailing evidence in its possession.

26. The disclosures made in Defendants' Press Release and the Federal Register Notice announcing Bazzi's designation contain the only information provided to Bazzi concerning OFAC's evidence, conclusions, and findings underlying his designation. OFAC has not provided Bazzi with any portions of the administrative record underlying his designation, nor any other information explaining the reasons or bases for the designation.

    **B.**    **Devastating Impact of Defendants' Unlawful Designation**

27. As a result of his designation, all of Bazzi's property and interests in property located within U.S. jurisdiction are blocked, and U.S. persons are generally prohibited from engaging in any transactions or dealings with him.[1] In addition, foreign financial institutions run the risk of designation under U.S. sanctions for engaging in any significant transaction(s) with

---

[1] Notwithstanding these prohibitions, undersigned counsel represents Bazzi on a *pro bono* basis under a general authorization found at 31 C.F.R. § 594.506(a).

Bazzi or his companies, and foreign persons who transact with Bazzi or his companies are exposed to sanctions risk for those dealings.

28. Due to the extraterritorial effects of U.S. sanctions, foreign parties have been reluctant to engage in transactions or dealings with Bazzi or his companies out of fear of retribution by Defendants. Furthermore, Bazzi faces financial hardship as businesses further distance themselves from him and his companies in order to mitigate their own sanctions risk.

29. Notwithstanding Bazzi's efforts to transparently engage with OFAC in the administrative reconsideration process to show that GTG has been separated from his father—in furtherance of OFAC's own policy objectives—GTG and Bazzi's other business have been unable to operate, and all employees have been let go. These efforts, which have put Bazzi's own livelihood at significant risk, were rewarded by OFAC with Bazzi's designation.

## CAUSES OF ACTION

### COUNT I

DEFENDANTS' DESIGNATION OF BAZZI UNDER E.O. 13224 IS NOT SUPPORTED BY EVIDENCE OR REASONING AND IS ARBITRARY, CAPRICIOUS, AN ABUSE OF DISCRETION, AND OTHERWISE NOT IN ACCORDANCE WITH LAW

30. Bazzi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

31. Defendants' designation of Bazzi pursuant to E.O. 13224 Section 1(c) constitutes final agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. This is because Defendants' conclusion that Bazzi meets the criteria for designation is based on speculative allegations—unsupported by evidence—that Bazzi has acted or purported to act for, on behalf of, or at the direction of his father.

32. In designating Bazzi under E.O. 13224, Defendants did not establish that he acted at the direction of Mohammad Bazzi. Therefore, Bazzi's designation was arbitrary and capricious, made in abuse of OFAC's discretion, and was otherwise not in accordance with law in violation of the APA and should be set aside by this Court.  5 U.S.C. § 706(2)(A).

## COUNT II

### DEFENDANTS' FAILURE TO CONSIDER COUNTERVAILING EVIDENCE IS ARBITRARY, CAPRICIOUS, AN ABUSE OF DISCRETION, AND OTHERWISE NOT IN ACCORDANCE WITH LAW

33. Bazzi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

34. Defendants' designation of Bazzi pursuant to E.O. 13224 constitutes final agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  This is because Defendants have not addressed the detailed information and documentation in their possession which is relevant to their allegations against Bazzi.

35. In designating Bazzi under E.O. 13224, Defendants did not account for information that had been provided to them or offer any reasoning for discounting countervailing evidence in their possession.  Therefore, Bazzi's designation was arbitrary and capricious, made in abuse of OFAC's discretion, and was otherwise not in accordance with law in violation of the APA and should be set aside by this Court.  5 U.S.C. § 706(2)(A).

### RELIEF REQUESTED

WHEREFORE, Bazzi respectfully requests that this Court:

    A.    Review all material that OFAC relied upon—including classified and law enforcement privileged information—in designating Bazzi;

B. Declare Defendants' reliance on speculative, unsupported allegations as evidence to designate Bazzi as unlawful under the APA, and jointly or severally set aside that evidence;

C. Declare that Defendants failed to account for and discounted countervailing evidence under the APA, and order them to do so;

D. Declare unlawful and set aside any agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and jointly or severally set aside those actions, findings, and/or conclusions;

E. Declare Bazzi's designation unlawful under the APA;

F. Declare and/or order Defendants to rescind Bazzi's designation under E.O. 13224 and remove his name from OFAC's SDN List;

G. Vacate the designation of Bazzi as a SDGT;

H. Award Bazzi any other further relief as the Court may deem just and proper.

Dated: June 27, 2019

Respectfully submitted,

/s/ Erich C. Ferrari, Esq.
Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

*Attorney for Plaintiff*
*Wael Muhammed Bazzi*