## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                   )

| | |
|---|---|
| **WAEL MUHAMMAD BAZZI** ) | |
|     Eglantierlaan 15, ) | |
|     Antwerpen 2020, ) | |
|     Belgium ) | |
| ) | |
|                    *Plaintiff,* ) | |
| ) | **Civil Action No. 1:19-cv-01940 (TNM)** |
|     v. ) | |
| ) | |
| **ANDREA M. GACKI** ) | **AMENDED COMPLAINT** |
| **in her official capacity as** ) | |
|     **Director of the United States** ) | |
|     **Department of the Treasury** ) | **ECF** |
|     **Office of Foreign Assets Control** ) | |
|     1500 Pennsylvania Avenue, NW ) | |
|     Freedman's Bank Building ) | |
|     Washington, D.C. 20220 ) | |
| ) | |
|                    *Defendant,* ) | |
| ) | |
|     and ) | |
| ) | |
| **THE UNITED STATES DEPARTMENT** ) | |
| **OF THE TREASURY, OFFICE OF FOREIGN** ) | |
| **ASSETS CONTROL** ) | |
|     1500 Pennsylvania Avenue, NW ) | |
|     Freedman's Bank Building ) | |
|     Washington, D.C. 20220 ) | |
| ) | |
|                    *Defendant.* ) | |
_____)

Plaintiff Wael Muhammad Bazzi (hereinafter referred to as "Bazzi") brings this

Amended Complaint for Declaratory and Injunctive Relief against Defendants the United States

Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Andrea M. Gacki, and in support of his amended complaint[1] alleges the following:

## NATURE OF THE CASE

1.      On May 17, 2018, Defendants designated Bazzi's father, Mohammad Ibrahim Bazzi, under Executive Order ("E.O.") 13224 for assisting in, sponsoring, or providing financial, material, or technological support for, or financial or other services to or in support of Hizballah, an entity blocked under E.O. 13224. Simultaneously, Defendants designated several companies for being owned or controlled by Mohammad Bazzi, including Global Trade Group NV ("GTG"). Bazzi worked at GTG prior to his father and the company's designations.

2.      On April 24, 2019, Defendants designated Bazzi as a "Specially Designated Global Terrorist" ("SDGT") pursuant to E.O. 13224 and added his name to OFAC's Specially Designated Nationals and Blocked Persons List ("SDN List"). Bazzi's designation was based on OFAC's determination that he was acting for or on behalf of his father, Mohammad Bazzi.

3.      In designating Bazzi, Defendants made speculative allegations that have no rational connection to E.O. 13224's designation criteria, and did not provide any evidence or identify any specific instances of conduct demonstrating that Bazzi acted for or on behalf of or at the direction of his father.

4.      Pursuant to a Joint Motion for Scheduling Order granted by this Court on September 3, 2019 Defendants transmitted to Bazzi's counsel the administrative record compiled in support of their action to designate Bazzi. The disclosed administrative record contained a heavily redacted Evidentiary Memorandum and a copy of a April 24, 2019 press release

---

[1] A redline comparison of this amended pleading and the original is attached as an exhibit pursuant to this Court's Standing Order.

announcing Bazzi's designation. Defendants did not include any unclassified summary of the redacted information contained in the Evidentiary Memorandum.

5.     OFAC's reasoning and evidence in the "Basis for Determination" section of its Evidentiary Memorandum is almost entirely redacted. *See* A.R. 0019-0022. Defendants did not include any unclassified summary of that redacted information. Accordingly, there is no evidence in the disclosed Evidentiary Memorandum supporting OFAC's determination to designate Bazzi under Section 1(c) of E.O. 13224. In other words, there is no statement of reasons relied upon by Defendants demonstrating that Bazzi "acts for or on behalf of Mohammad Ibrahim Bazzi, a person whose property and interests in property are blocked pursuant to E.O. 13224." A.R. 0018 and 0019.

6.     OFAC has not taken reasonable steps to limit the unfairness to Bazzi arising from its complete reliance on classified and otherwise privileged materials. Thus, notwithstanding Defendants' transmission of the administrative record in this matter, Bazzi continues to be deprived of adequate notice as to the basis of his designation. Bazzi therefore appeals to this Court to order Defendants to provide him the adequate notice due as a matter of law as to the basis of his April 24, 2019 designation.

## JURISDICTION AND VENUE

7.     This action arises under the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

8.      This Court may grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. Rule 57. This Court may grant injunctive relief in accordance with Fed. R. Civ. P. Rule 65.

9.      Venue is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1391(b) and (e), as the Defendants reside in this District.

## THE PARTIES

10.     Bazzi is and was at all times relevant herein a citizen of Belgium. Bazzi currently resides at Eglantierlaan 15, Antwerpen 2020, Belgium.

11.     On April 24, 2019, Bazzi was designated as a SDGT under E.O. 13224 and his name was added to the SDN List.

12.     Defendant OFAC is a federal administrative agency of the United States Department of the Treasury, located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington D.C. 20220. The United States Department of the Treasury is responsible for maintaining the financial and economic security of the United States. The United States Department of the Treasury is also responsible for overseeing various agencies, including OFAC. OFAC is responsible for maintaining and administering the SDN List, including by placing persons on and removing persons from the SDN List consistent with E.O. 13224 and the implementing regulations located at 31 C.F.R. Parts 501 and 594, the "Reporting, Procedures and Penalties Regulations" and the "Global Terrorism Sanctions Regulations," respectively. OFAC was responsible for designating Bazzi under E.O. 13224.

13.     Defendant Andrea M. Gacki is the Director of OFAC. Ms. Gacki is sued in her official capacity.

## FACTUAL ALLEGATIONS

14.     On April 24, 2019, Defendants issued a press release alleging that Bazzi was designated as a SDGT under E.O. 13224 for "acting for or on behalf of Mohammad Bazzi." A.R. 0001-0008. On the same day, Bazzi was added to the SDN List with the "[SDGT]" identifier. *See* A.R. 0015.

15.     On May 16, 2019, OFAC published a Federal Register Notice that Bazzi was "[d]esignated pursuant to section 1(c) of E.O.13224 for acting for or on behalf BAZZI, Mohammad Ibrahim, an individual whose property and interests in property are blocked pursuant to E.O. 13224." *See* A.R. 0015-0016 (84 Fed. Reg. 22,223-22,224).

16.     Mohammad Bazzi is Bazzi's father. On May 17, 2018, OFAC designated Mohammad Bazzi for allegedly assisting in, sponsoring, or providing financial, material, or technological support for, or financial or other services to or in support of, Hizballah. A.R. 0018. Mohammad Bazzi is challenging his E.O. 13224 designation in a separate litigation.[2]

17.     Along with Bazzi's designation, OFAC also designated three entities alleged to be under his ownership or control—Voltra Transcor Energy BVBA, OFFISCOOP NV, and BSQRD Limited. *See* A.R. 0015-0016. OFAC also added Energy Engineers Procurement and Construction ("EEPC") as an alias on the SDN List for GTG, which had already been designated on May 17, 2018, for being owned or controlled by Mohammad Bazzi. *Id.*

18.     The conclusory allegations against Bazzi in the Press Release and the Federal Register Notice do not provide any specific, articulable facts to identify on what grounds OFAC has determined that he is engaged in any ongoing conduct for or on behalf of his father. *See* A.R. 0001-0008; 0015-0016.

---

[2] *Bazzi v. Gacki*, No. 1:19-cv-00484 (D.D.C. Feb. 26, 2019).

19.     Specifically, Defendants' Press Release announcing Bazzi's designation is premised on the conclusory allegation that "Mohammad Bazzi has been able to conduct business through Wael Bazzi, upon whom he has continued to rely on to register new businesses and bid on Gambian government contracts." A.R. 0005.  Bazzi contests these allegations.

20.     The administrative record disclosed by Defendants does not include any evidence or reasoning to establish how OFAC concluded that Bazzi has acted or purported to act "for or on behalf of" his father or at his direction in those business dealings. *See* A.R. 0001-0029.

21.     OFAC's disclosed administrative record in support of Bazzi's designation included an Evidentiary Memorandum but did not contain any unclassified summary. The only unredacted portion of the Evidentiary Memorandum's Basis for Determination section is Bazzi's full name and the allegation that he meets the designation criteria of Section 1(c) of E.O. 13224. A.R. 0019. As all the other substantive paragraphs of that section are wholly redacted, the Evidentiary Memorandum does not provide any of the reasoning upon which Defendants' based their conclusion that Bazzi's conduct meets the criteria of Section 1(c) of E.O. 13224. *See* A.R. 0019-0022.

22.     Further, the Additional Information section of the Evidentiary Memorandum in the disclosed administrative record is also wholly redacted. A.R. 0023-0026. Accordingly, it does not provide any reasoning to support OFAC's conclusion that Bazzi meets the designation criteria contained in Section 1(c) of E.O. 13224.

23.     Therefore, the administrative record disclosed by Defendants constitutes inadequate notice and deprives Bazzi a meaningful opportunity to respond, rebut, or otherwise correct the allegations relied upon for his designation through the administrative reconsideration process provided for in OFAC's regulations. *See* 31 C.F.R. § 501.807.

## CAUSES OF ACTION

## COUNT I

### DEFENDANTS' FAILURE TO PROVIDE BAZZI SUFFICIENT NOTICE OF THE BASIS FOR HIS DESIGNATION UNDER E.O. 13224 VIOLATES HIS RIGHT TO DUE PROCESS

24.     Bazzi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

25.     In the post-deprivation context, the Fifth Amendment's Due Process Clause requires notice reasonably calculated under all the circumstances to apprise aggrieved parties of the allegations against them so that they have the opportunity to make a meaningful response.

26.     Defendants are required to provide Bazzi with an understanding of the allegations supporting their action to designate him under Section 1(c) of E.O. 13224 so that he may have the opportunity to make a meaningful response.

27.     The administrative record disclosed by Defendants fails to provide Bazzi with an understanding of the allegations supporting their designation action.

28.     Defendants have violated Bazzi's right to due process under the Fifth Amendment to the United States Constitution.

## COUNT II

### DEFENDANTS' FAILURE TO PROVIDE BAZZI SUFFICIENT NOTICE OF THE BASIS FOR HIS DESIGNATION UNDER E.O. 13224 VIOLATES THE APA

29.     Bazzi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

30.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or without observance of procedure

required by law, shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A) and (D).

31.     Post-deprivation due process requires notice reasonably calculated under all the circumstances to apprise aggrieved parties of the allegations against them so that they have the opportunity to make a meaningful response.

32.     Defendants are required to provide Bazzi with an understanding of the allegations supporting their action to designate him under Section 1(c) of E.O. 13224 so that he may have the opportunity to make a meaningful response.

33.     The disclosed administrative record fails to provide Bazzi with an understanding of the allegations supporting Defendants' designation action.

34.     Defendant's failure to provide Bazzi with adequate notice of the basis underlying his designation under E.O. 13224 is in violation of the APA.

## RELIEF REQUESTED

WHEREFORE, Bazzi respectfully requests that this Court:

A.     Review all material that OFAC relied upon—including classified, classified by compilation, and otherwise privileged information—in designating Bazzi;

B.     Declare Defendants' reliance on speculative, unsupported allegations within the redacted portions of the administrative record as evidence to designate Bazzi to be unlawful under the APA, and jointly or severally set aside that evidence;

C.     Order Defendants to adequately explain why all redacted portions of the administrative record—including classified, classified by compilation, and otherwise privileged information—lawfully fall within the scope of the categories claimed to justify those redactions;

D.      Declare that Defendants failed to provide sufficient notice under the U.S. Constitution, and order them to do so;

E.      Declare that Defendants failed to provide sufficient notice under the APA, and order them to do so;

F.      Grant an award to Bazzi of his costs and attorneys' fees incurred in this action; and

G.      Award Bazzi any other further relief as the Court may deem just and proper.

Dated:  October 14, 2019

Respectfully submitted,

/s/ Erich C. Ferrari, Esq.
Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

*Attorney for Plaintiff*
*Wael Muhammed Bazzi*