# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 19-5166                          September Term, 2019

FILED ON: March 3, 2020

AYMAN SAIED JOUMAA,
        APPELLANT

v.

STEVEN T. MNUCHIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE TREASURY, AND UNITED STATES DEPARTMENT OF THE TREASURY, OFFICE OF FOREIGN ASSETS CONTROL,
        APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:17-cv-02780)

Before: GRIFFITH and MILLETT, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

### J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia and the briefs of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons set out below, it is

**ORDERED** and **ADJUDGED** that the decision of the district court be **AFFIRMED**.

Under the Foreign Narcotics Kingpin Designation Act, the Office of Foreign Assets Control (OFAC) may freeze the assets of designated foreign citizens who it determines play a "significant role in international narcotics trafficking." 21 U.S.C. § 1907(7); *see id.* § 1904(b); 31 C.F.R. § 598.803. In 2011, OFAC designated Ayman Saied Joumaa under the Act after concluding that he was laundering as much as $200 million a month in drug proceeds. In 2016, Joumaa petitioned for reconsideration, insisting that he was not engaged in money laundering. OFAC denied that petition. Joumaa then filed suit, arguing (1) OFAC's denial was arbitrary and capricious and in excess of OFAC's statutory authority; and (2) OFAC violated his Fifth Amendment rights. The district court granted summary judgment to the government. We affirm.

We review challenges to OFAC's designation decisions under the "highly deferential standard" of review set forth in the Administrative Procedure Act (APA). *Zevallos v. Obama*, 793

2

F.3d 106, 112 (D.C. Cir. 2015) (internal quotation marks omitted). Under the APA, Joumaa must show that the "rationale" behind his original designation "was never true or is no longer true." *Id*. at 110. OFAC reasonably determined that Joumaa did not carry this burden, as the record contains substantial evidence that, at the time of his petition and even afterwards, Joumaa operated a worldwide money-laundering enterprise. We conclude, therefore, that OFAC's denial was neither arbitrary and capricious nor in excess of OFAC's statutory authority.

Joumaa raises three objections, but none has merit. First, he argues that OFAC denied his petition *solely* because it found him not credible, which he says is not a relevant ground for denial. But Joumaa's lack of credibility *is* a relevant ground for denial. Joumaa bears the burden of showing that changed circumstances warrant withdrawing his designation. *See* 31 C.F.R. § 501.807. OFAC's findings that Joumaa "provided demonstrably false and misleading information," J.A. 44, and dishonestly claimed he was "not currently involved in money laundering," J.A. 38, are relevant to the conclusion that Joumaa failed to carry his burden. In any event, OFAC did not rely solely on Joumaa's lack of credibility. Rather, as OFAC explained, "a variety of sources . . . establish[ed] that Joumaa continues to engage in money laundering and narcotics trafficking." J.A. 45 (capitalization altered); *see also* J.A. 44.

Second, Joumaa argues that OFAC failed to link his alleged money laundering to the drug trade. Not so. OFAC found that, as of 2011, a "Colombian individual was laundering drug proceeds for Ayman Joumaa," and as of 2014, Joumaa was involved "in the pick up of bulk drug proceeds in Europe to launder to Colombia." J.A. 211 (capitalization altered). While OFAC did not link *every* instance of money laundering to the drug trade, nothing in the Kingpin Act requires it to do so. We do not ask whether every piece of evidence "standing alone" could support OFAC's decision, but whether "[a]ll [the] evidence together provides [an] adequate basis." *Zevallos*, 793 F.3d at 113-14. Here, it does.

Third, Joumaa argues that OFAC improperly relied on evidence from before he allegedly ended his currency exchange business in 2011. But it was proper for OFAC to consider evidence of Joumaa's past illicit business relationships absent indication those relationships had been severed, *see Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 162 (D.C. Cir. 2003), or that the evidence was too stale. Moreover, the record contains substantial evidence of Joumaa's continued involvement in narcotics trafficking from 2011 onward (and even from after his petition was filed).

Finally, while it is not at all clear that Joumaa—a non-U.S. citizen with no established connections to the United States—is entitled to Fifth Amendment protection, he has received all the process he would have been due if he were. *See Nat'l Council of Resistance of Iran v. Dep't of State*, 373 F.3d 152 (D.C. Cir. 2004). OFAC disclosed "the unclassified portions of the administrative record," *id*. at 159-60 (internal quotation marks omitted), and provided sufficiently detailed summaries of the classified sections, *Fares v. Smith*, 901 F.3d 315, 324, 326 (D.C. Cir. 2018) (holding that, in certain circumstances, the government may provide a sufficiently detailed classified summary "in lieu of classified evidence," but reserving the possibility that further process may be required in some cases). Together, these disclosures adequately explain OFAC's reasons for denying Joumaa's petition. OFAC also gave Joumaa adequate opportunities to contest

3

the allegations against him. OFAC asked Joumaa about his relationship with 150 individuals and entities, enabling him to respond with more than one thousand pages of argument. The Due Process Clause does not require more. Accordingly, we affirm the district court's grant of summary judgment to the government.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**Per Curiam**

                              **FOR THE COURT:**
                              Mark J. Langer, Clerk

BY:   /s/
        Michael C. McGrail
        Deputy Clerk