UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WAEL MUHAMMAD BAZZI ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Civil Action No. 1:19-cv-01940 (TNM) |
| v. ) | |
| ) | |
| ANDREA M. GACKI, *et al*. ) | |
| ) | |
| *Defendants*. ) | |

## RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Wael Muhammad Bazzi ("Bazzi") respectfully responds to Defendants' Notice of Supplemental Authority, ECF No. 20, which addressed the United States Court of Appeals for the District of Columbia Circuit's unpublished decision in *Joumaa v. Mnuchin*, No. 19-5166 (D.C. Cir. March 3, 2020). In *Joumaa*, the D.C. Circuit held that the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") had "reasonably determined" that Ayman Saied Joumaa—an individual designated pursuant to the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. § 1901 et seq.—failed to meet his burden under the Administrative Procedure Act ("APA") to "show that the rationale behind his original designation was never true or is no longer true." *Joumaa*, Judgment, Doc. No. 1831373, at 2 (internal citations omitted). Additionally, the court held that, although it is "not clear at all" whether the plaintiff is entitled to the Fifth Amendment's due process protections, the plaintiff "received all of the process he would have been due if he were." *Id*.

Defendants argue that *Joumaa* is relevant to this Court's consideration of the arguments presented in the parties' pending dispositive motions, "including whether Plaintiff—as a foreign

national with no connection to the United States—may assert constitutional rights." Defs. Notice of Suppl. Authority, ECF No. 20. That case, however, has no bearing on the issues before this Court. Neither *Joumaa* nor any other case in this Circuit forecloses the possibility that a foreign national whose property is blocked as a consequence of U.S. economic sanctions, and who can be criminally liable in the United States if he causes a U.S. person to violate U.S. economic sanctions, has constitutional protections.

Indeed, if anything, the D.C. Circuit's decision in *Joumaa v. Mnuchin* supports the crux of Bazzi's dispute: that OFAC did not provide him adequate notice for the basis of his designation. In *Joumaa*, the plaintiff was given considerably more notice than Bazzi. The plaintiff in that case, as the D.C. Circuit explained, was provided "sufficiently detailed summaries of the classified sections" of his administrative record. *Joumaa*, Judgment, Doc. No. 1831373, at 2. Furthermore, in its reasoning, the D.C. Circuit cited *Fares v. Smith*, 901 F. 3d 315 (D.C. Cir. 2018) to reiterate this Circuit's prior holding that in certain circumstances further process may be due, such as providing sufficiently detailed summaries "in lieu of classified evidence." *Id*.

Such circumstances exist here. The press release purports to identify why Bazzi was designated, but does so in a conclusory fashion. Further, the redacted administrative record underlying the designation which was disclosed to Bazzi is nearly completely redacted. That information and the information contained in the disclosed redacted administrative record, therefore, simply do not afford Bazzi an opportunity to show that the rationale behind his designation "was never true or is no longer true." *Id*. (citing *Zevallos v. Obama*, 793 F.3d 106, 112 (D.C. Cir. 2015) (internal quotation marks omitted)). While OFAC is not required to disclose classified sections of the administrative record, it still must adequately inform Bazzi of the reasons for his designation. Bazzi's action before this Court merely seeks that sufficiently detailed notice,

in the form of unclassified summaries or otherwise—which is what OFAC gave the plaintiff in *Joumaa*.

Dated: March 26, 2020                                  Respectfully submitted,


                                                       /s/ Erich C. Ferrari
                                                       Erich C. Ferrari, Esq.
                                                       FERRARI & ASSOCIATES, P.C.
                                                       1455 Pennsylvania Avenue, NW
                                                       Suite 400
                                                       Washington, D.C. 20004
                                                       Telephone: (202) 280-6370
                                                       Fax: (877) 448-4885
                                                       Email: ferrari@falawpc.com
                                                       D.C. Bar No. 978253