UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WAEL MUHAMMAD BAZZI<br><br>*Plaintiff*,<br><br>v.<br><br>ANDREA M. GACKI, *et al.*<br><br>*Defendants.* | )<br>)<br>)<br>)<br>) Civil Action No. 1:19-cv-01940 (TNM)<br>)<br>)<br>)<br>)<br>)<br>) |

**RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Wael Muhammad Bazzi ("Bazzi") respectfully responds to Defendants' Notice of Supplemental Authority, ECF No. 22, which addressed the United States District Court for the District of Columbia's memorandum opinion in *Fulmen Group v. Office of Foreign Assets Control*, Mem. Op., Civ. No. 18-2949 (RJL), Dkt. No. 26. In *Fulmen*, the court held that the plaintiff lacked standing to assert claims under the Fifth Amendment, including procedural due process claims, because the Fulmen Group was a foreign entity that lacked substantial connections to the United States. *Id*. at *10-11. The court in *Fulmen* acknowledged that the Supreme Court "has recognized that 'aliens [that] have come within the territory of the United States and established 'substantial connections' with this country' may be entitled to some constitutional protections." *Id*. However, it found that Fulmen Group had failed to establish "*any* connection to the United States, let alone a substantial one," a fact admitted to by Fulmen Group in its complaint and in summary judgment briefing. *Id*.

*Fulmen* also departed from the D.C. Circuit's instruction in *Jifry v. F.A.A.*, 370 F.3d 1174, 1182 (D.C. Cir. 2004), which "suggested that [the district court] need not decide whether plaintiffs

are entitled to Fifth Amendment protections when, 'even assuming that they are, they have received all the process that they are due.'" *Id*. at *11 (quoting *Jifry*, 370 F.3d at 1183). The court acknowledged that "other district courts [who have relied on that reasoning] have recently declined to reach the 'antecedent' question of whether foreign plaintiffs are entitled to the protections of the Due Process Clause, instead concluding their constitutional claims fail on the merits and disposing of the suit on those grounds." *Id*. at *11-12. The court noted, however, that it was "skeptical that our Circuit Court intended to *require* us to skip the standing inquiry in all cases," most especially "where plaintiffs' allegations *foreclose* their ability to assert constitutional claims . . ." *Id*. (emphasis in original).

Defendants argue that *Fulmen* is relevant to this Court's consideration of the parties' pending dispositive motions because, according to Defendant, "[a]s in Fulmen, Plaintiff's Amended Complaint here is devoid of any factual allegations that could plausibly support a finding that Plaintiff has substantial connections with the United States." Defs. Notice of Suppl. Authority, ECF No. 22. Furthermore, Defendants argue that "[t]he administrative record likewise fails to demonstrate such substantial connections." *Id*.

Bazzi disputes *Fulmen*'s relevancy to the parties' briefings. This is because *Fulmen* is a limited repudiation of the D.C. Circuit's instruction for courts to refrain from deciding whether a foreign national can assert a Fifth Amendment constitutional right to due process if a court can decide that, "they have received all the process that they are due." *Jifry*, 370 F.3d at 1183. Significantly, the court's reasoning in *Fulmen* came in the context of a pre-deprivation notice, substantive due process, and takings claim whereas cases that followed the D.C. Circuit's instruction challenged only post-deprivation notice. *See e.g. Fares v. Smith*, 249 F. Supp. 3d 115 (D.D.C. 2017).

Additionally, according to the *Fulmen* court, it would be inappropriate to "skip the standing inquiry," "where plaintiffs' allegations *foreclose* their ability to assert constitutional claims." *Fulmen Group*, Mem. Op., Civ. No. 18-2949 (RJL), Dkt. No. 26 at *12 (noting, for instance, that "Fulmen's complaint alleges just the opposite, stating Fulmen 'ha[s] *no* connections to any U.S. person or U.S. entity'"). Bazzi has not foreclosed his ability to assert a constitutional due process right under the Fifth Amendment, neither by the allegations leveled in his complaint nor the arguments advanced in summary judgment briefing. Accordingly, the court's decision in *Fulmen* does not foreclose Bazzi's Fifth Amendment due process claim.

Dated: April 24, 2020                                                                 Respectfully submitted,

/s/ Erich C. Ferrari
Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Avenue, NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253