# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WAEL MUHAMMAD BAZZI | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Civil Action No. 1:19-cv-01940 (TNM) |
| v. | ) | |
| | ) | |
| ANDREA M. GACKI, *et al.* | ) | |
| | ) | |
| *Defendants.* | ) | |

## RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Wael Muhammad Bazzi respectfully submits this response to Defendants' Notice of Supplemental Authority, ECF No. 23, which addressed the United States District Court for the District of Columbia's memorandum opinion in *Rakhimov v. Gacki*, Mem. Op., Civ. No. 19-2554 (JEB), Dkt. No. 24. In *Rakhimov*, the court held that the plaintiff—a foreign national residing outside the United States—lacked standing to assert claims under the Fifth Amendment, including procedural due process claims, because Rakhimov "failed to establish a substantial connection to [the United States]." *Id*. at 9-10. The court acknowledged that the D.C. Circuit "has not articulated a specific test for determining whether a foreign national residing outside the United States maintains the requisite 'substantial connections,'" but nevertheless determined that Rakhimov "ha[d] not established any connection to the United States, let alone a substantial one." *Id*. at 9, 10 (quoting *Fulmen Group v. Office of Foreign Assets Control*, No. 18-2949, 2020 WL 1536341, at *5 (D.D.C. Mar. 31, 2020) (internal quotations removed).

In *Rakhimov*, the court also found that—with respect to his administrative due process claim under the Administrative Procedure Act ("APA")—"Rakhimov ha[d] been provided with

sufficient information regarding the 'basis' for his designation such that he may meaningfully participate in the reconsideration process." *Id*. at 14. The court found it "well-established . . . that the APA does not require OFAC to provide [Rakhimov] with the classified or law-enforcement-privileged information supporting his designation." *Id*. For this reason, the court stated that it "need not . . . impose the unprecedented remedy of mandating the issuance of an unclassified summary or allowing his counsel access to classified material." *Id*. at 16.

Defendants argue that *Rakhimov* is relevant to this Court's consideration of Bazzi's Amended Complaint because Bazzi's pleading does not allege "any factual allegations that could plausibly support a finding that [he] has substantial connections, let alone substantial connections with the United States." Defs. Notice of Suppl. Authority, ECF No. 23, at *2. Defendants contend that *Rakhimov* is also relevant to "resolving [Bazzi's] assertion that OFAC needed to provide him an unclassified summary" noting that, "[a]s in *Rakhimov*, the Court here should decline to grant such 'unprecedented' relief." *Id*. at 2, 3.

Bazzi refers the Court to the D.C. Circuit's instruction that courts "need not decide whether [plaintiffs] are entitled to constitutional protections" where, "even assuming that they are, they have received all the process that they are due under our precedent." *Jifry v. F.A.A.*, 370 F.3d 1174, 1183 (D.C. Cir. 2004). This Court has comported with this command and has abstained from "reach[ing] the antecedent question of whether Plaintiffs are entitled to the protections of the Due Process Clause" where the court has determined that the notice provided comports with due process requirements. *Fares v. Smith*, 249 F. Supp. 3d 115, 122 (D.D.C. 2017); *see also Joumaa v. Mnuchin*, Mem. Op., No. 17-2780 (TJK) at *20 (D.D.C. Apr. 10, 2019); *Kadi v. Geithner*, 42 F. Supp. 3d 1, 28 (D.D.C. 2012) (finding that "if the jurisdictional facts 'are inextricably intertwined with the merits of the case,' the issue of standing need not be conclusively resolved, but instead

the court should 'defer its jurisdictional decision until the merits are heard.'"). In *Rakhimov*, the court appears to have acted inconsistent with *Jifry*'s instruction.

Bazzi also notes that the court's finding that the APA "does not require OFAC to provide [a designated person] with the classified or law-enforcement-privileged information supporting his designation" is in apparent contradiction to a "fundamental tenet of administrative law," as identified in *Tourus Records v. DEA*. In that case, the D.C. Circuit held "that an agency's failure to set forth its reasons for a decision constitutes arbitrary and capricious agency action for purposes of the APA," at least where the underlying administrative record or any other agency disclosures fails to adequately disclose the basis for the agency's action. *Tourus Records v. DEA*, 259 F.3d 731, 736 (D.C. Cir. 2001) (citing *Roelofs v. Sec. of the Air Force*, 628 F.2d 594, 599 (D.C. Cir. 1980)).

In Bazzi's case, every finding in the "Basis for Determination" section of OFAC's evidentiary memorandum compiled in support of its decision to designate Bazzi under E.O. 13224, and disclosed to Bazzi, is redacted. This leaves Bazzi only with OFAC's legal determination that he meets the criteria for designation under E.O. 13224; OFAC's conclusion that Bazzi allegedly acts for or on behalf of Mohammad Ibrahim Bazzi, a person blocked under E.O. 13224; and OFAC's press release announcing the designation. These disclosures alone are insufficient to adequately disclose to Bazzi the bases for OFAC's actions. Indeed, those bases—represented by OFAC's findings under the Basis for Determination section of its evidentiary memorandum in support of its decision to designate Bazzi—have been completely withheld.

Further, OFAC's press release does not adequately apprise Bazzi of the bases of OFAC's action because, at most, that press release summarizes information that is contained in the evidentiary memorandum that could constitute, or include, information found under sections other

3

than the "Basis for Determination" section—i.e., sections that do not contain the bases for the agency's action. Moreover, OFAC's press release does not link its allegations to the portions of the evidentiary memorandum to which they relate. This leaves Bazzi in a position of guessing what in OFAC's press release is relevant to the agency's action. Therefore, OFAC's press release, as well as the other disclosures it has made in this matter thus far, are inadequate to apprise Bazzi of the bases for his designation. Accordingly, following the holding in *Rakhimov* to not mandate the provision of some alternative mean—such as an unclassified summary—to apprise Bazzi of the bases for his designation would be contrary to a fundamental tenent of administrative law and would permit the agency to take arbitrary and capricious action in violation of the APA. *Id.*

May 14, 2020

Respectfully submitted,

/s/ Erich C. Ferrari
Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Avenue, NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

*Counsel for Plaintiff*
*Wael Muhammad Bazzi*